## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re A2P SMS ANTITRUST LITIGATION | ) ) ) ) ) ) | Master File: 12 CV 2656 (AJN)<br><br>ECF Case |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF AGGREGATOR DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** |

Defendants Air2Web, Inc., Ericsson Inc., Sybase, Inc., SoundBite Communications, Inc., Syniverse Technologies LLC (f/k/a Syniverse Technologies, Inc.), Vibes Media, LLC, and 3Cinteractive, LLC (the "Aggregator Defendants" or "Aggregators") respectfully submit this Memorandum of Law in Support of their Motion to Stay Proceedings Pending Arbitration.[1]

### PRELIMINARY STATEMENT

The claims asserted by Plaintiffs in this case relate to their use of common short codes ("CSCs") to send text messages to large numbers of wireless subscribers.  Plaintiffs' claims are subject to binding, mandatory arbitration clauses in not one but two separate sets of agreements governing the Plaintiffs' use of CSCs.  The first set of agreements was entered into by Plaintiffs and Defendant CTIA – The Wireless Association ("CTIA") for the lease of CSCs utilized by Plaintiffs.[2]  These agreements contain an explicit commitment by the Plaintiffs to arbitrate any dispute, controversy, or claim arising out of or relating to the agreements.  The second set of agreements were entered into by Plaintiffs and Aggregator Defendants mBlox Incorporated

---

[1] In joining the Aggregators' Motion to Stay Pending Arbitration, SoundBite Communications, Inc. does not admit that it is an "aggregator" or that it performs any "aggregation" of text traffic as alleged in the Complaint.

[2] The agreements are discussed in the Memorandum in Support of the Carrier Defendants' Motion to Compel and the Memorandum in Support of CTIA – The Wireless Association's Motion to Compel Arbitration.

("Mblox") and Open Market, Inc. ("Open Market") for the distribution of Plaintiffs' text
messages to carrier networks using Plaintiffs' CSC codes.[3]  These agreements likewise contain
express commitments by the Plaintiffs to arbitrate disputes arising out of or related to the
agreements.

All of the Defendants have moved to dismiss Plaintiffs claims on the grounds that they
fail to satisfy the minimum pleading requirements set out by the Supreme Court in *Bell Atlantic
Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In
addition, the Carrier Defendants,[4] mBlox, Open Market, and CTIA, have moved to compel the
Plaintiffs to abide by their arbitration agreements and to arbitrate their claims in this case.  The
remaining Aggregator Defendants have not executed arbitration agreements with the Plaintiffs
but respectfully request that the Court stay proceedings on Plaintiffs' claims against the
Aggregator Defendants pending the outcome of any arbitration between Plaintiffs and the other
Defendants in this case.[5]  A stay is warranted because Plaintiffs' arbitrable claims substantially
overlap with their claims against Aggregator Defendants that have not entered into arbitration
agreements.  Given the substantially overlapping legal and factual issues, it would promote
judicial economy and reduce the danger of inconsistent results to stay Plaintiffs' claims in this
Court and permit the mandatory arbitrations between Plaintiffs and certain Defendants to
proceed to resolution.  This same approach has been used by federal courts across the nation
when faced with overlapping claims in arbitration and federal court.  Moreover, imposing a stay

---

[3] The agreements are discussed in the filings identified in footnote 2 above as well as the Memorandum in Support
of Joint Motion of Defendants MBlox Inc. and OpenMarket, Inc. to Stay Pending Arbitration and to Dismiss the
Consolidated Amended Class Action Complaint.

[4] Defendants AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, T-Mobile
USA, Inc., and U.S. Cellular Corporation are referred to collectively as the "Carrier Defendants."

[5] The Aggregator Defendants seek such relief in the event that the Court does not dismiss Plaintiffs' claims in the
Consolidated Amended Class Action Complaint.  If the Court dismisses Plaintiffs' claims against the Aggregator
Defendants, then the instant motion becomes moot.

here would not prejudice Plaintiffs or impede arbitration because Plaintiffs will have an opportunity to fully test their claims in an efficient forum that Plaintiffs agreed was appropriate for resolving their claims over CSCs.

## ARGUMENT

Where a case contains both arbitrable and non-arbitrable claims, the Court has discretion to stay the non-arbitrable claims pending arbitration. *See World Crisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d. Cir. 1997). This power flows from the power inherent in every court to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*; *see also Moses H. Cone Memorial Hosp.*, 460 U.S. 1, 21 n.23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.").

In moving for such a stay, the movant must first establish that "there are issues common to the arbitration and the court proceeding and that those issues will be finally determined by arbitration." *See Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 664 (S.D.N.Y. 2011) (citation and internal quotation marks omitted); *see also Orange Chicken, L.L.C. v. Namba Mills, Inc.*, No. 00-cv-4730(AGS), 2000 WL 1858556, at *8-9 (S.D.N.Y. Dec. 19, 2000). Where this requirement is met, the moving party must then demonstrate that it "will not hinder the arbitration, that the arbitration will be resolved within a reasonable time, and that such delay that may occur will not cause undue hardship to the non-moving parties." *Alghanim*, 828 F.3d at 664 (citation and internal quotation marks omitted); *Orange Chicken*, 2000 WL 1858556, at *9. Moreover, a stay is "particularly appropriate" where it will "promote judicial economy, [the] avoidance of confusion[,] and possible inconsistent results." *Birmingham Assocs. Ltd. v. Abbott Labs.*, 547 F.

Supp. 2d 295, 302 (S.D.N.Y. 2008); *Orange Chicken*, 2000 WL 1858556, at *9 (citing cases).
As discussed below, the circumstances of this case and the weight of case law addressing nearly
identical facts demonstrate that a stay is appropriate here.

### 1.   The Arbitrable Claims Substantially Overlap the Non-Arbitrable Claims.

Each of the Plaintiffs must arbitrate its claims against *at least one* of the Defendants—
Club Texting must arbitrate under its agreement with mBlox and Text Power and iSpeedbuy
must arbitrate under their respective agreements with OpenMarket.  And, as the Carriers
demonstrate in their separate motion to stay, the Plaintiffs must arbitrate with the Carriers under
the CTIA Agreement.

A stay is therefore appropriate because the conspiracy claims asserted by Plaintiffs
against those Defendants that do not have arbitration agreements substantially overlap the
conspiracy claims subject to mandatory arbitrations.[6]  Here, Plaintiffs have filed a consolidated
complaint—that is, each individual Plaintiff's allegations are the same against each of the Carrier
Defendants, and to the extent Plaintiffs assert any allegations about the Aggregator Defendants,
they are the same as to all Aggregator Defendants.  Indeed, the causes of action in Plaintiffs'
Consolidated Amended Class Action Complaint are asserted against all ***Defendants,*** alleging that
they collectively violated the Sherman Act by refusing to deal with CSC Lessees (*Compl.* ¶¶
121-29 (Count I)), engaging in price fixing (*id.* ¶¶ 130-38 (Count II)), and conspiring to
monopolize the A2P SMS transmission market (*id.* ¶¶ 139-53 (Count III)).[7]

Moreover, because Plaintiffs' allegations against all Defendants substantially overlap, the
individual arbitrations pursuant to the Plaintiffs' agreements with CTIA, mBlox and OpenMarket

---

[6] While Plaintiffs' claims against all Defendants are identical as to liability, they are not necessarily identical with respect to damages.

[7] A copy of the Consolidated Amended Class Action Complaint is attached hereto as Appendix A.

"will likely provide significant insight into, if not actually resolve," any non-arbitrable claims. *See Orange Chicken*, 2000 WL 1858556, at *9; *see also Argus Media Ltd. v. Tradition Fin. Servs. Inc.*, No. 09-civ-7966(HB), 2009 WL 5125113, at *3 (S.D.N.Y. Dec. 29, 2009) (finding that "numerous courts have held that where arbitrable and non-arbitrable claims arise out of the same set of facts, a stay usually is appropriate because the arbitration may decide the same facts at issue in the litigation"). For example, an arbitration finding that a Plaintiff failed to prove its conspiracy-based claims would preclude that Plaintiff from pursuing the same conspiracy claims against others. *JSC Sec., Inc. v. Gebbia*, 4 F. Supp. 2d 243, 252-53 (S.D.N.Y. 1998) (dismissing claims, including a conspiracy claim, that were previously denied in an arbitration award confirmed in New York State Supreme Court against other defendants on the basis of collateral estoppel); *see also, e.g.*, *Alghanim*, 828 F. Supp. 2d 636 at 665 (granting stay of non-arbitrable claims where resolution of arbitrable claims could prevent re-litigation of "largely identical" issues). At a minimum, the various arbitrations required by the Plaintiffs' agreements with CTIA, mBlox, and OpenMarket will streamline, clarify, or otherwise narrow the issues for the remaining non-arbitrable claims and promote judicial economy. Given that each Plaintiff must arbitrate its claims against at least one Defendant, and the fact that there is a substantial overlap between the arbitrable and non-arbitrable claims, "a stay in the instant action is warranted in the interests of the parties and judicial economy, and in order to avoid possible inconsistent results" in different forums. *See Orange Chicken*, 2000 WL 1858556, at *9.

Federal courts across the country have granted motions to stay in nearly identical circumstances. *See Valentine v. Wideopen West Fin., LLC*, No. 09 C 07653, 2012 WL 1021809, at *6 (N.D. Ill. Mar. 26, 2012) (staying nonarbitrable claims in putative class action pending arbitration where significant overlap between the claims would make parallel litigation and

arbitration "an inefficient use of resources and would risk conflicting decisions."); *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1115 (C.D. Cal. 2002) (staying nonarbitrable claims in putative antitrust class action pending arbitration of identical claims between one plaintiff and one of the defendants because "the similarity of the issues of law and fact in this case to those that will be considered during arbitration, as well as the potential for inconsistent findings absent a stay, persuade[d] the Court that a stay [was] warranted…"); *see also Alghanim*, 828 F. Supp. 2d at 666 ("the claims against [defendants] are largely identical, and the judicial economy achieved in awaiting resolution of issues in arbitration may prove considerable."); *Estate of Hunish v. Assisted Living Concepts, Inc.*, Civil No. 09-3163 (RMB/AMD), 2010 U.S. Dist. Lexis 44241, at *7 (D.N.J. May 6, 2010) (staying litigation of "substantially similar and interrelated matters," and noting that if the arbitrator was bound by a prior decision of the court "Plaintiffs would successfully have thwarted the arbitration agreement."); *Heller v. Deutsche Bank AG*, No. Civ. A. 04-CV-3571, 2005 WL 665052, at *6 (E.D. Pa. Mar. 17, 2005) (staying non-arbitrable claim and noting that "courts have typically granted stays when there are both arbitrable and non-arbitrable claims in the same action and significant overlap exists between the parties and the issues"); *Miron v. BDO Seidman, LLP*, 342 F. Supp. 2d 324, 334 (E.D. Pa. 2004) (staying non-arbitrable claims against defendants not party to an arbitration agreement with the plaintiff pending resolution of arbitration on related claims between plaintiff and other defendant).

## 2. Granting A Stay Will Not Prejudice the Plaintiffs, Nor Will Defendants Impede Arbitration.

A stay of these proceedings will not prejudice or create undue hardship for the Plaintiffs. To the contrary, if a stay were not granted, Plaintiffs, like Defendants, would be forced to arbitrate and litigate identical claims in numerous forums, potentially leading to conflicting or inconsistent judgments. Moreover, under such a scenario, all parties would be subject to

expensive and arguably unnecessary discovery in this Court as to claims which may be resolved or narrowed by the individual arbitrations pursuant to Plaintiffs' agreements with CTIA, mBlox and OpenMarket.

There is no reason to believe that any Defendants will impede or delay arbitration of Plaintiffs' claims, nor is there any indication that the arbitrations themselves will not conclude within a reasonable time.  In any event, under Second Circuit law, Plaintiffs have recourse before this Court if they believe that Defendants are impeding the progress of the various arbitrations. *Cf. WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (noting that "[a] stay may provide that [Plaintiffs] may move to vacate the stay if [the Defendants] impede[ ] the arbitration process, or if the arbitration does not conclude within a reasonable time").

## CONCLUSION

For the reasons stated above, the Aggregator Defendants respectfully request that the Court issue an order staying any proceedings on Plaintiffs' claims until such time as arbitrations between Plaintiffs and any Defendant over such claims have been completed.

Dated: August 14, 2012                    Respectfully submitted,

                                          /s/ Patrick J. Pascarella
                                          Patrick J. Pascarella (admitted pro hac vice)
                                          Dylan M. Carson (admitted pro hac vice)
                                          Tucker Ellis LLP
                                          925 Euclid Avenue, Suite 1150
                                          Cleveland, Ohio 44115
                                          Telephone:  (216) 696-4936
                                          Facsimile: (216) 592-5009
                                          Email: pat.pascarella@tuckerellis.com
                                          dylan.carson@tuckerellis.com

                                          Steven A. Reiss (SR-5889)
                                          Adam C. Hemlock (AH-6610)
                                          Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8174
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com,
adam.hemlock@weil.com

*Counsel for Ericsson Inc., d/b/a Ericsson IPX*

 /s/ Paolo Morante
Paolo Morante (PM1017)
DLA Piper LLP
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: paolo.morante@dlapiper.com

*Counsel for Defendant Air2Web, Inc.*


 /s/ David I. Gelfand
David I. Gelfand (admitted pro hac vice)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone: (202) 974-1690
Facsimile: (202) 974-1999
Email: dgelfand@cgsh.com

*Counsel for Defendant Sybase, Inc.*

 /s/ Jennifer Stewart
Jennifer Stewart (admitted pro hac vice)
Cooley LLP
500 Boylston Street
Boston, MA  02116-3736
Telephone: (617) 937-2351
Facsimile: (617) 937-2400
Email: jstewart@cooley.com,

Jonathan Bach (JPB9710)
Ian Shapiro (IS5120)
1114 Avenue of the Americas
New York, NY 10036-7798

8

Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email:jbach@cooley.com,
ishapiro@cooley.com

*Counsel for SoundBite Communications, Inc.*

  /s/ Karl Geercken
Karl Geercken (2536662)
90 Park Ave.
Alston & Bird LLP
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: karl.geercken@alston.com

Peter Kontio
Mark A. McCarty
1201 West Peachtree St.
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: peter.kontio@alston.com,
mark.mccarty@alston.com

*Counsel for Defendant Syniverse Technologies  LLC.*

  /s/ Basileios Katris
Basileios Katris (admitted pro hac vice)
Horwood Marcus & Berk Chartered
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Telephone: (312) 606-3221
Facsimile: (312) 606-3232
Email: bkatris@hmblaw.com

*Counsel for Vibes Media. LLC*

  /s/ Thomas E. Bezanson
Karen H. Bromberg
Thomas E. Bezanson
Nathaniel P.T. Read
Cohen & Gresser LLP
800 Third Avenue

9

New York, New York
Telephone: (212) 957-7604
Facsimile: (212) 957-4514
Email: kbromberg@cohengresser.com,
nread@cohengresser.com,
tbezanson@cohengresser.com

*Counsel for 3Cinteractive, LLC*

33571193v2