# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE A2P SMS
ANTITRUST LITIGATION

MASTER FILE:  12 CV 2656 (AJN)

THIS DOCUMENT RELATES TO:
All actions

**U.S. CELLULAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

ANDERSON KILL & OLICK, P.C.
Lawrence Kill
Carrie Maylor DiCanio
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212)-278-1722
Facsimile:   (212)-278-1733
E-Mail:  lkill@andersonkill.com

Attorneys for Defendant
U.S. Cellular Corporation

## TABLE OF CONTENTS

ARGUMENT ...................................................................................................................1

I.    This Court Lacks General Jurisdiction under C.P.L.R. 301. ...............................1

II.   This Court Lacks Specific Jurisdiction Under C.P.L.R. 302(a)(1). ....................3

III.  This Court Lacks Specific Jurisdiction Under C.P.L.R. 302(a)(2). ....................4

      A.    Plaintiffs Fail To Establish A *Prima Facie* Showing Of Conspiracy. .....................4

      B.    Plaintiffs Fail To Show U.S. Cellular Was A Member Of Any Conspiracy. ..........5

            1.    Plaintiffs fail to show that U.S. Cellular had the requisite
                  awareness. ...................................................................................5

            2.    Plaintiffs fail to show any activity was to benefit U.S. Cellular. ................6

            3.    Plaintiffs fail to show that any Defendants acted in New York at
                  the direction of U.S. Cellular. .......................................................6

            4.    The cases cited by Plaintiffs are distinguishable. .........................6

IV.   This Court Lacks Specific Jurisdiction Under C.P.L.R. 302(a)(3). ....................7

      A.    Plaintiffs Have Failed To Allege Any Specific Tortious Act. ...............................7

      B.    U.S. Cellular Does Not Derive Substantial Revenue From New York. ..................7

      C.    U.S. Cellular Should Not Have Reasonably Expected Any Specific Act
            Would Have Consequences In New York. ...............................................................8

V.    The Exercise of Personal Jurisdiction Violates Due Process................................8

VI.   Jurisdictional Discovery Is Not Warranted.........................................................9

CONCLUSION..............................................................................................................10

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................5, 6

*Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991) ..................................................................................................................6

*Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574 (E.D.N.Y. 1998) ...................7

*Daniel v. Am. Bd. of Emergency Med.*, 988 F.Supp. 127 (W.D.N.Y. 1997) ...................5

*Daniel v. Am. Bd. Of Emergency Med.*, 428 F.3d 408 (2d Cir. 2005) ...............................3

*Emerald Asset Advisors, LLC v. Schaffer*, No. 11-CV-1871 (ADS)(WDW), 2012 WL 3870318 (E.D.N.Y. Sept. 6, 2012) ...................................................................7

*Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) ...........................................................................................4

*Hart Holding Co. v. Drexel Burnham Lambert, Inc.*, No. 11514, 1992 WL 127567 (Del. Ch. May 28, 1992) ......................................................................................8

*HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300 (Del. Ch. 1999) .............................8

*In re Satyam Computer Servs. Ltd. Sec. Litig.*, No. 09 MD 2027 (BSJ), 2013 WL 28053 (S.D.N.Y. Jan. 2, 2013) ............................................................................9

*In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328 (S.D.N.Y. 2000) .............................6

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) .......................................9

*Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir. 1975) ...............................7

*Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424 (S.D.N.Y. 2008) ...........................5, 6

*Schenck v. Walt Disney Co.*, 742 F. Supp. 838 (S.D.N.Y. 1990) ...................................1, 2

*Solv-Ex Corp. v. Quillen*, No. 96 Civ. 6057(JSR), 1997 WL 452023 (S.D.N.Y. Aug. 7, 1997) ....................................................................................................7

**STATUTES**

N.Y. C.P.L.R. 301 .........................................................................................................1, 3

ii

## <u>TABLE OF AUTHORITIES</u>

Page(s)

N.Y. C.P.L.R. 302(a)(1).................................................................................................3

N.Y. C.P.L.R. 302(a)(2).................................................................................................4

N.Y. C.P.L.R. 302(a)(3).............................................................................................7, 8

nydocs1-1003246.4

Plaintiffs' opposition to U.S. Cellular's[1] motion to dismiss fails to show that U.S. Cellular is engaged in business in New York to warrant subjecting it to jurisdiction under the applicable provisions of the C.P.L.R. The indirect ownership of two partnerships operating in New York, a mistaken website, and 400 customers who happen to have billing addresses in New York hardly suffice to show the requisite predicates for jurisdiction. Likewise, the conspiracy theory of jurisdiction, whether based on some agency concept or otherwise, fails since, among other things, there is no showing that U.S. Cellular directed or benefited in any fashion from the other Defendants' alleged conduct in New York. Accordingly, the Court should dismiss Plaintiffs' claims against U.S. Cellular for lack of personal jurisdiction.

## ARGUMENT

### I.      This Court Lacks General Jurisdiction under C.P.L.R. 301.

Plaintiffs argue that U.S. Cellular is subject to general jurisdiction in New York because U.S. Cellular "held itself out" as operating in New York and because Verizon Wireless is acting as U.S. Cellular's agent in New York. Plaintiffs' theory appears to be based on the "solicitation plus rule," but Plaintiffs fail to present the appropriate legal framework:

> [The] "solicitation plus" rule is satisfied when, in addition to solicitation, the foreign corporation is involved in some financial or commercial dealings in New York or holds itself out as operating in New York. In assessing the type of activities that satisfy this rule, courts tend to focus on a physical corporate presence, for example, the maintenance of an office, officers or a bank account in New York, or the occurrence of financial transactions or meetings in New York.

*Schenck v. Walt Disney Co.*, 742 F. Supp. 838, 841 (S.D.N.Y. 1990).

In this case, U.S. Cellular has not solicited any business in New York. (Dkt. 147 at 4; Fitzell Decl. ¶ 8.) And U.S. Cellular has certainly not engaged in any of the "solicitation plus"

---

[1] Unless otherwise defined herein, capitalized terms used in this brief shall have the same meaning as that set forth in U.S. Cellular's Opening Brief (Dkt. 147).

1

activities courts consider when assessing personal jurisdiction. Indeed, U.S. Cellular does not have any physical corporate presence in New York—it does not have any offices or own any real property in New York, it does not have any bank accounts or maintain a telephone listing in New York, and it does not have an agent for service of process in New York. (Fitzell Decl. ¶ 5.)

Furthermore, U.S. Cellular cannot satisfy the solicitation plus rule through the acts of Verizon because Verizon does not act as U.S. Cellular's agent in New York. In analyzing agency in the context of personal jurisdiction, the "'significant and pivotal factor' is that the [agent] does all the business which the [principal] could do were it here by its own officials." *Schenck v. Walt Disney Co.*, 742 F. Supp. 838, 841 (S.D.N.Y. 1990). This requires that an agent be able to "perform services that can contractually bind" the principal. *Id.* In this case, Verizon does not conduct any business on behalf of U.S. Cellular and Verizon does not have the authority to enter contracts that bind U.S. Cellular. Thus, Plaintiffs' agency theory is without merit.

Plaintiffs argue that U.S. Cellular has held itself out as operating in New York because U.S. Cellular's website previously stated that U.S. Cellular provides service in 26 states, and listed New York as one of these states. However, as explained in U.S. Cellular's Opening Brief, this statement was simply a mistake that has been corrected. Plaintiffs have not—and cannot— argue that the mistake occurred with any deceptive intent and cannot dispute that when U.S. Cellular became aware of this inaccurate statement, it promptly corrected its website.

Moreover, Plaintiffs ignore the fact that U.S. Cellular's website prohibits individuals from New York from signing up for wireless service. Indeed, when a potential customer provides a New York zip code, U.S. Cellular's website displays the message: "We're sorry but we do not offer our products & services in this area. Please enter a different zip code or search by city/state." (Fitzell Decl. ¶ 9.) The function and operation of U.S. Cellular's website show

2

that U.S. Cellular has not held itself out as providing service in New York despite a single mistaken reference to New York that was promptly removed upon discovery.

Plaintiffs also argue that U.S. Cellular has held itself out as operating in New York because its financial statements make reference to New York markets and include certain statistics from those markets. However, U.S. Cellular includes these "markets" in its financial statements only because of U.S. Cellular's indirect interests in two partnerships that own FCC licenses covering areas of New York. The wireless business for these markets is managed by Verizon and branded as Verizon Wireless service. (Fitzell Decl. ¶¶ 11-14.) Because of U.S. Cellular's partial, indirectly held interest in these FCC licenses, GAAP accounting rules require that U.S. Cellular include certain statistics from these New York markets in U.S. Cellular's financial statements.[2] However, this accounting requirement does not mean that U.S. Cellular has operations in New York in any sense germane to the personal jurisdiction inquiry. Any "customer" reported in a New York market is a Verizon customer. These customers purchased service from Verizon, receive bills from Verizon, and have phones branded as Verizon. U.S. Cellular did not solicit business from these individuals.

Regardless, Plaintiffs have failed to explain how including statistics resulting from an indirect interest in certain FCC licenses amounts to "continuous and systematic" contacts with New York. Accordingly, U.S. Cellular is not subject to general jurisdiction under C.P.L.R. 301.

## II.     This Court Lacks Specific Jurisdiction Under C.P.L.R. 302(a)(1).

Just as U.S. Cellular is not "doing business" in New York, U.S. Cellular is not "transacting business" which requires "'the practical, everyday business or commercial concept of doing business or carrying on business of any substantial character.'" *Daniel v. Am. Bd. Of*

---

[2] As laid out in Paragraphs 12 and 13 of the Fitzell Declaration, there are three companies between U.S. Cellular and the partnership that holds the FCC license for New York RSA No. 1. And there are six companies between U.S. Cellular and the partnership that holds the FCC license for New York RSA No. 2.

*Emergency Med.*, 428 F.3d 408, 428 (2d Cir. 2005). Plaintiffs have failed to explain how U.S. Cellular's website or U.S. Cellular's financial statements satisfy this standard. In addition, Plaintiff's fail to show how the 400 U.S. Cellular customers with billing addresses in New York satisfies this standard when these customers amount to less than 0.01% of U.S. Cellular's total customers and U.S. Cellular did not solicit or sign up these customers in New York. (Dkt. 147 at 4-5.) Accordingly, Plaintiffs have failed to establish that U.S. Cellular has transacted business in New York. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) (holding venue was improper over U.S. Cellular in the Eastern District of Texas because U.S. Cellular was not subject to personal jurisdiction in that district where U.S. Cellular had over 300 customers located in the district and provided cellular service in the district via roaming agreements).

## III.    This Court Lacks Specific Jurisdiction Under C.P.L.R. 302(a)(2).

Plaintiffs do not dispute that U.S. Cellular has not committed any tortious act within the State of New York. Instead, Plaintiffs argue that U.S. Cellular is subject to jurisdiction under C.P.L.R. 302(a)(2) by virtue of the acts of alleged co-conspirators in New York. While the Second Circuit has not explicitly endorsed such a "co-conspiracy doctrine," some district courts have used this doctrine as a basis for jurisdiction where a plaintiff establishes (1) a *prima facie* showing of conspiracy and (2) specific facts warranting an inference that the foreign defendant was a member of the conspiracy. Here, Plaintiffs have failed to establish either requirement.

### A.    Plaintiffs Fail To Establish A *Prima Facie* Showing Of Conspiracy.

The conspiracy allegations against defendants are thread-bare and, as to U.S. Cellular, they are virtually non-existent. As set forth in defendants' Motion to Dismiss pursuant to Rule 12(b)(6), Plaintiffs have failed to meet their burden of showing that an unlawful agreement exists between defendants, much less between defendants and U.S. Cellular. (*See* Defendants' Joint

4

Motion to Dismiss Plaintiffs' Second Consolidated Amended Class Action Complaint, dated

Oct. 9, 2012, Dkt. 170 at 9-19.)  Plaintiffs' allegations as to U.S. Cellular are precisely the type

of "bland assertion" that is insufficient to confer jurisdiction in New York.

### B.    Plaintiffs Fail To Show U.S. Cellular Was A Member Of Any Conspiracy.

To warrant an inference that U.S. Cellular was a member of a conspiracy, Plaintiffs must

show: (a) U.S. Cellular had an awareness of the effects in New York of its activity; (b) the

activity of the co-conspirators in New York was to the benefit of U.S. Cellular; and (c) the co-

conspirators acting in New York acted at the direction or under the control or at the request of or

on behalf of U.S. Cellular. *Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 442-43 (S.D.N.Y.

2008).  Here, Plaintiffs have failed to establish any of these requirements.

### 1.    Plaintiffs fail to show that U.S. Cellular had the requisite awareness.

As U.S. Cellular is based in Chicago, has no customers in New York, and is not party to

any contract with Plaintiffs, it is implausible that U.S. Cellular would expect its alleged activity

to have an effect in New York. *See Daniel v. American Bd. of Emergency Med.*, 988 F.Supp.

127, 251 (W.D.N.Y. 1997).  Plaintiffs argue that this Court should find "awareness" by U.S.

Cellular because Plaintiffs purport to allege a "nationwide" conspiracy and New York is home to

millions of individuals who use mobile phones.  Under such a theory, simply alleging a

"nationwide" conspiracy would be enough to subject an alleged conspirator to jurisdiction in

New York (or any other state for that matter).  Plaintiffs' only factual allegation regarding

awareness is conclusory and unsupported: "Each of the Defendants, including U.S. Cellular, had

an awareness that the CSC system would have effects in New York."  (Second Am. Compl. ¶

48.)  Such a conclusory allegation is not entitled to be presumed true. *Ashcroft v. Iqbal*, 556 U.S.

662, 664 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5

### 2.   Plaintiffs fail to show any activity was to benefit U.S. Cellular.

Plaintiffs have failed to point to any specific activity in New York that was to the benefit of U.S. Cellular. Plaintiffs argue that "the Complaint plainly alleges that the activity of the co-conspirators was for the benefit of U.S. Cellular." (Pl. Opp. at 13.) But this is not the test. Rather, district courts have asked whether "the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators." *Maersk*, 554 F. Supp. 2d at 442-43 (emphasis added). In fact, paragraphs 12, 59, 92, and 105, which Plaintiffs cite in their opposition, do not even use the words "New York" or mention U.S. Cellular. Paragraph 48 (also cited by Plaintiffs), which mentions U.S. Cellular and New York, like the other cited paragraphs, is conclusory and not entitled to be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. at 664; *Twombly*, 550 U.S. at 555.

### 3.   Plaintiffs fail to show that any Defendants acted in New York at the direction of U.S. Cellular.

Plaintiffs have failed to explain how any actions in New York were "at the direction or under the control or at the request of or on behalf of" U.S. Cellular. Instead, Plaintiffs attempt to merge this "control" requirement with the "benefit" requirement. Using circular logic, Plaintiffs argue that if U.S. Cellular stood to benefit from actions in New York, then those actions were taken "on behalf of" U.S. Cellular. (Pl.'s Opp. at 14.) If this were sufficient, courts would not analyze a separate "control" requirement. Nowhere does the complaint allege any actions in New York were done under the control, at the request, or on behalf of U.S. Cellular.

### 4.   The cases cited by Plaintiffs are distinguishable.

The facts of this case are distinguishable from the cases cited by Plaintiffs. For example, in *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1269 (S.D.N.Y. 1991), *In re Sumitomo Copper Litigation*, 120 F. Supp. 2d 328, 340 (S.D.N.Y. 2000), and *Sea Trade*, 2012

6

WL 3594288, at *8-*9, plaintiffs had made allegations directly linking the foreign defendant to the alleged New York activities of other defendants or the alleged profits generated by such activities. Further, in *Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 583-584 (E.D.N.Y. 1998) and *Emerald Asset Advisors, LLC v. Schaffer*, No. 11-CV-1871 (ADS)(WDW), 2012 WL 3870318, at *12 (E.D.N.Y. Sept. 6, 2012), plaintiffs alleged that the foreign defendant was integrally involved in the alleged activity conducted by other Defendants in New York.[3] By contrast, here, Plaintiffs have failed to allege that U.S. Cellular was aware of any effects in New York of the other Defendants' alleged activities, that there is any close business relationship between U.S. Cellular and other New York Defendants, or that U.S. Cellular was directly involved in any alleged wrongdoing in New York.

## IV.    This Court Lacks Specific Jurisdiction Under C.P.L.R. 302(a)(3).

### A.    Plaintiffs Have Failed To Allege Any Specific Tortious Act.

Plaintiffs have failed to allege any specific tortious actions by U.S. Cellular other than participation in an antitrust conspiracy. Moreover, Plaintiffs' alleged injury is precisely the "lost commercial profits" that is insufficient under 302(a)(3). *See Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975).

### B.    U.S. Cellular Does Not Derive Substantial Revenue From New York.

To argue that U.S. Cellular derives substantial revenue from New York, Plaintiffs again point to U.S. Cellular's indirect interests in RSAs 1 and 2. U.S. Cellular has explained that it does not provide service in these areas, how these interests are held, and why statistics from these markets are reported in U.S. Cellular's financial statements. (*See* Dkt. 147 at 9-11 and *supra* at Section I.) Moreover, any revenue U.S. Cellular receives by virtue of these interests is

---

[3] The remaining case Plaintiffs cite, *Solv-Ex Corp. v. Quillen*, No. 96 Civ. 6057(JSR), 1997 WL 452023, at *1 (S.D.N.Y. Aug. 7, 1997), is not helpful because it contains only a cursory analysis of the issue and sets forth no facts to which the circumstances at bar can be compared.

7

the functional equivalent of an out of state resident holding shares in a New York company—

doing so does not make such resident subject to jurisdiction in New York.  *HMG/Courtland*

*Props., Inc. v. Gray*, 729 A.2d 300, 311 (Del. Ch. 1999); *Hart Holding Co. v. Drexel Burnham*

*Lambert, Inc.*, No. 11514, 1992 WL 127567, at *5 (Del. Ch. May 28, 1992).

Further, Plaintiffs argue that "U.S. Cellular received approximately $160.5 million in

high cost support for its service to high cost areas in 16 states, including New York." (Opp. Br.

at 16.)  However, this $160.5 million is the amount for all markets in which U.S. Cellular has an

indirect or direct interest—only a relatively small amount is attributable to New York RSAs 1

and 2. (Fitzell Decl. ¶ 15.)  Regardless, as with other money flowing to U.S. Cellular by virtue

of its stock ownership in partnerships holding FCC licenses for New York, this revenue is

passive and cannot serve as a basis for personal jurisdiction over U.S. Cellular.  *See*

*HMG/Courtland Props.*, 729 A.2d at 311; *Hart Holding Co.,* 1992 WL 127567 at *5.[4]

## C.   U.S. Cellular Should Not Have Reasonably Expected Any Specific Act Would Have Consequences In New York.

C.P.L.R. 302(a)(3) requires that a defendant "expects or should reasonably expect the act

to have consequences in [New York]."  N.Y. C.P.L.R. § 302(a)(3) (emphasis added).  In this

case, Plaintiffs have failed to allege any specific tortious actions by U.S. Cellular other than

participation in an alleged antitrust conspiracy.  Given that Plaintiffs have failed to allege any

specific tortious action by U.S. Cellular, U.S. Cellular could not have been expected to foresee

that unknown action would have consequences in New York.

## V.   The Exercise of Personal Jurisdiction Violates Due Process.

Plaintiffs assert that minimum contacts exist because U.S. Cellular is "doing business"

and "transacting business" in New York.  However, as explained above, U.S. Cellular is doing

---

[4] Plaintiffs also argue having 400 customers with billing addresses in New York means U.S. Cellular derives substantial revenue from New York.  These arguments are addressed *supra* at Section II.

8

nydocs1-1003246.4

neither. Moreover jurisdiction over U.S. Cellular is unreasonable in these circumstances. Plaintiffs argue that litigating a case in New York is "an inconsequential burden" for U.S. Cellular because U.S. Cellular is located in Chicago. However, given that U.S. Cellular has not availed itself of the benefits of the state of New York, forcing U.S. Cellular to bring witnesses and evidence nearly 800 miles is not an inconsequential burden.

Plaintiffs also assert that New York has a substantial interest in adjudicating this dispute. However, not a single defendant is incorporated in New York and only one defendant has its principal place of business in New York. And Plaintiffs seek to bring this suit on behalf of a class of CSC lessees that are located throughout the country. Finally, Plaintiffs argue that "[t]here is no reason to splinter the case under the circumstances." However, the lack of statutory basis for personal jurisdiction and violation of U.S. Cellular's due process rights is ample reason to dismiss U.S. Cellular from this case.

## VI.    Jurisdictional Discovery Is Not Warranted.

Plaintiffs have failed to establish a *prima facie* case of jurisdiction. This Court should therefore deny jurisdictional discovery. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998) (holding district court did not err in denying jurisdictional discovery where plaintiff had not established a *prima facie* case); *Sodepac, S.A. v. Choyang Park in rem*, 02-cv-3927 (SAS), 2002 WL 31296341 (S.D.N.Y. Oct. 10, 2002). U.S. Cellular has submitted evidence setting out facts that show it has no business operations in New York. Plaintiffs have submitted nothing to call into question the accuracy of those facts. In that regard, it is telling that Plaintiffs have failed to outline in any material way what jurisdictional discovery they seek. *In re Satyam Computer Servs. Ltd. Sec. Litig.*, No. 09 MD 2027 (BSJ), 2013 WL 28053 (S.D.N.Y. Jan. 2, 2013) ("Plaintiffs 'did not provide an outline of how their showing of minimum contacts might be enhanced by jurisdictional discovery.' The Court therefore denies Plaintiffs' request for

jurisdictional discovery.") (internal citation omitted).  Plaintiffs' reference to discovery on the

"precise business relationship under which Verizon Wireless" provides service in New York is

insufficient to justify discovery.  (Pl. Opp. at 7, n.8); *Sodepac*, 2002 WL 31296341 at *5

("Plaintiffs also request discovery 'to demonstrate an ongoing relationship between L.

Rettenmayer and its agent, Universal.' These statements alone are not enough to allow

discovery.") (internal citation omitted).  Regardless, U.S. Cellular has already provided detailed

diagrams showing exactly how Verizon and U.S. Cellular own interests in the partnerships that

hold FCC licenses covering New York RSA Nos. and 2.  (Fitzell Decl. ¶¶ 12-13.)

## CONCLUSION

Accordingly, the Court should grant U.S. Cellular Corporation's Motion To Dismiss The

Second Consolidated Amended Class Action Complaint For Lack Of Personal Jurisdiction.

Dated: January 24, 2013                              Respectfully submitted,

                                                     /s/ Lawrence Kill
                                                     Lawrence Kill
                                                     Carrie Maylor DiCanio
                                                     ANDERSON KILL & OLICK, P.C.
                                                     1251 Avenue of the Americas
                                                     New York, NY  10020

                                                     *Attorneys for Defendant*
                                                     *U.S. Cellular Corporation*

10