**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE A2P SMS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MASTER FILE:  12 CV 2656 (AJN)<br>ECF Case<br><br>ORAL ARGUMENT REQUESTED<br><br>**REPLY MEMORANDUM IN SUPPORT OF SOUNDBITE COMMUNICATIONS, INC.'S MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT** |

Defendant SoundBite Communications, Inc. ("SoundBite") respectfully submits this Reply Memorandum in Support of its Motion to Dismiss the Second Consolidated Amended Complaint.

**PRELIMINARY STATEMENT**

In their opposition to SoundBite's Motion to Dismiss the Second Consolidated Amended Complaint ("SCAC"), Plaintiffs attempt to cover up the absence of any good faith basis for pleading SoundBite's liability by arguing that certain conclusory words and group pleading phrases can take the place of specific factual allegations concerning SoundBite's conduct.  No amount of gloss, however, can camouflage the fact that Plaintiffs have failed to plead any specific facts establishing SoundBite's liability – whether directly or as a successor to 2ergo Americas, Inc. ("2ergo") – for the various antitrust violations asserted in their SCAC.

Plaintiffs have had the opportunity to file five complaints (three initial complaints and two consolidated complaints), and they have had the benefit of SoundBite's initial Motion to Dismiss.  The fact that three Plaintiffs, all of whom are participants in the industry which is the

subject of their claims, have failed to plead any specific facts establishing SoundBite's liability and instead continue to rely on conclusory speculation and group pleading about the industry as a whole, clearly demonstrates Plaintiffs' inability to do so. For all of the foregoing reasons, and the reasons stated in SoundBite's Motion to Dismiss, all claims must be dismissed against SoundBite with prejudice.

## I. PLAINTIFFS' PLEADINGS ON INFORMATION AND BELIEF ARE WHOLLY INADEQUATE TO SUPPORT A CLAIM OF SUCCESSOR LIABILITY AGAINST SOUNDBITE.

### A. Plaintiffs' Allegations on Information and Belief Are Speculation and Guesswork.

Plaintiffs admit in their Opposition papers that they are not alleging a claim of successor liability against SoundBite based on de facto merger, continuation theory or fraud. Opposition to SoundBite's Motion to Dismiss ("Opposition") (D.E.[1] 176, pg. 3). Instead, by process of exclusion, they appear to be claiming that the allegation, on "information and belief," that SoundBite "acquired the liability of 2ergo," means they are alleging a claim of express or implied assumption of 2ergo's liabilities by SoundBite. Yet Plaintiffs' argument that SoundBite acquired 2ergo's liability for the alleged actions of 2ergo prior to February 27, 2012 is not based on any actual allegations in the SCAC, and their pleading of successor liability on "information and belief" is insufficient as a matter of law.

The law is clear that, even where a plaintiff pleads on "information and belief," those pleadings must still be "accompanied by a statement of the facts upon which the belief is founded." *Navarra v. Marlborough Gallery, Inc.*, 820 F. Supp. 2d 477, 485 (S.D.N.Y. 2011) (dismissing antitrust claim for failure to plead sufficient facts) (internal quotation omitted). The failure to plead specific facts on which the belief is founded renders such assertions "too

---

[1] D.E. stands for "Docket Entry."

speculative and conclusory to survive a motion to dismiss [and] . . . [s]uch guesswork is insufficient to state a claim." *Id*. at 487; *Williams v. Calderoni*, No. 11 Civ. 3020 (CM), 2012 WL 691832, at *7-8 (S.D.N.Y. Mar. 1, 2012) (finding pleadings on information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions); *see also Lesavoy v. Lane*, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004) ("[c]onclusory pleadings 'on information and belief' are inadequate as a matter of law.").

Plaintiffs plead nothing in support of their conclusory, speculative guesswork that on "information and belief" SoundBite acquired the liability of 2ergo to Plaintiffs and the Class when it allegedly acquired 2ergo's assets.  (SCAC ¶ 41).  This is exactly the type of legal conclusion masquerading as a fact that need not be accepted as true by the court.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  Without any support for the basis of their belief, the Plaintiffs have failed to meet the plausibility standard which requires "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).  Therefore, Plaintiffs' allegation of successor liability is not plausible on its face.

Recognizing the absence of any specific factual basis for their allegation that SoundBite acquired 2ergo's liabilities, Plaintiffs further argue that their conclusory allegation of SoundBite's acquisition of 2ergo's liabilities "on information and belief" is sufficient "where, as here, the information is solely within the defendants' knowledge."  Opposition (D.E. 176, pg. 3).  However, this argument misstates the law.   Even if the facts were "peculiarly within [SoundBite's] possession," Plaintiffs would not be relieved of the need to plead the factual basis for their belief.  Plaintiffs would be allowed to plead on "information and belief," but, as discussed above, they would still have to provide factual support for their belief and satisfy the

requisite elements of successor liability.  *See Navarra*, 820 F. Supp. 2d at 485 (holding that even where the facts are particularly within the control of the defendant, allegations on information and belief "must be accompanied by a statement of the facts upon which the belief is founded.") (internal quotation omitted); *see, e.g.*, *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 510 (E.D.N.Y. 2011) ("Even when facts are peculiarly within the possession of a defendant, a plaintiff is not excused from his pleading obligations.  The necessary facts should be pled upon 'information and belief.'") (internal citation omitted).  As discussed above, Plaintiffs have not alleged any specific facts supporting the conclusion they have alleged on "information or belief," and accordingly, Plaintiffs' claim of successor liability must be dismissed with prejudice.

> **B.      Other Allegations in the SCAC Do Not Support the Plausibility of Plaintiffs' Conclusory Allegation that SoundBite Acquired 2ergo's Liabilities.**

Plaintiffs argue that other allegations elsewhere in the SCAC support the plausibility of their conclusory allegation that SoundBite acquired 2ergo's liabilities.  In particular, Plaintiffs argue that their conclusory allegation is plausible because "SoundBite not only acquired all 2ergo's assets but also took over 2ergo's business as an aggregator and its place in the conspiracy."  Opposition (D.E. 176, pg. 4).[2]

Yet the allegations on which Plaintiffs rely for this argument do not appear in the SCAC.  *Nowhere* do Plaintiffs plead that SoundBite "took over 2ergo's business as an aggregator," nor that SoundBite took over "[2ergo's] place in the conspiracy."  *Id*.  Moreover, Plaintiffs cannot allege additional facts in their brief in opposition to a motion to dismiss in an attempt to save

---

[2] Plaintiffs cite to *McDarren v. Marvel Entm't Grp., Inc.*, 94 CIV. 0910 (LMM), 1995 WL 214482 (S.D.N.Y. Apr. 11, 1995) in further support of this theory.  Opposition (D.E. 176, pg. 4).  *McDarren* is inapposite since it deals with the de facto merger and continuation theories of successor liability, theories of liability which Plaintiffs disavow on page 3 of the Opposition.  *See McDarren*, 1995 WL 214483 at *7-8.

their claims. *See e.g., Zick v. Waterfront Comm'n of N.Y. Harbor*, No. 11 Civ. 5093(CM), 2012 WL 4785703, at *3 (S.D.N.Y. Oct. 4, 2012) (new facts alleged in opposition cannot be considered on a motion to dismiss).[3]

For all of these reasons, Plaintiffs have not alleged facts sufficient to establish that SoundBite acquired 2ergo's liabilities, nor do any of the other facts actually pled in the SCAC support the plausibility of that claim. Thus, Plaintiffs have failed to plead a claim of successor liability against SoundBite for the actions of 2ergo prior to February 27, 2012 and, accordingly, any such claim should be dismissed with prejudice.

## II. THE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT DO NOT SUPPORT A CLAIM OF DIRECT LIABILITY IN RELATION TO SOUNDBITE.

Plaintiffs fail to respond to SoundBite's latecomer argument (*see* SoundBite's Motion to Dismiss (D.E. 157, pgs. 5-8)) and instead continue to rely on their argument that their group allegations about the Aggregator defendants' conduct "more than plausibly show" SoundBite's involvement in the conspiracy on or after February 27, 2012 to state a claim of direct liability against SoundBite. Opposition (D.E. 176, pg. 5). As fully and correctly argued in the Aggregators' opening and reply briefs, Plaintiffs' group allegations about the Aggregators are wholly insufficient to state claims against any individual Aggregator in the alleged group, including SoundBite. Aggregators' Motion to Dismiss (D.E. 145, pgs. 2-3); Reply Memorandum in Further Support of the Aggregator Defendants' Motion to Dismiss

---

[3] Even if Plaintiffs had pled that SoundBite took over 2ergo's business as an aggregator, the inference Plaintiffs seek to draw from that allegation, which is that SoundBite must have also acquired 2ergo's liabilities, is not plausible. Opposition (D.E. 176, pg. 4). The assumption in an asset acquisition is that the purchaser does not acquire the liability of the seller, unless certain limited exceptions are present. *See Fehl v. S.W.C. Corp.*, 433 F. Supp. 939, 945 (D. Del. 1977) ("It is the general rule that where one company sells or otherwise transfers all of its assets to another company, the latter is not liable for the debts and liabilities of the transferor, including those arising out of the former's tortious conduct."); *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003) ("the purchaser of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts."); *see also* SoundBite's Motion to Dismiss (D.E. 157 pgs. 3-4).

("Aggregator Defendants' Reply") (D.E. 188, pgs. 2-8).

Moreover, as argued by SoundBite in its opening brief, this group pleading is especially insufficient as it relates to SoundBite individually as an alleged latecomer to the conspiracy. SoundBite's Motion to Dismiss (D.E. 157, pgs. 5-8).  In particular, Plaintiffs never allege when, where or how SoundBite joined the conspiracy after February 27, 2012.  The only allegation regarding SoundBite's activities after February 27, 2012 is that "SoundBite is a CSC connection aggregator" that has provided connection services since that date.  (SCAC ¶ 41).  *Nowhere* do Plaintiffs plead any form of agreement that was reached after February 27, 2012 between SoundBite and any other alleged co-conspirator.

Plaintiffs only address SoundBite's latecomer argument in the final sentence of the Opposition by seeking to distinguish SoundBite from AIG Financial in *Hinds III*.  Opposition (D.E. 176, pg. 5).  Plaintiffs argue that AIG Financial is different from SoundBite because, unlike SoundBite, AIG substituted for another party in the conspiracy after the collusive agreement was made. *Id*.  Yet, as argued by the Aggregators in the Reply, the only collusive agreement alleged by Plaintiffs occurred in 2003 with the creation of the CSC system, and nothing Plaintiffs allege demonstrates that this agreement was reaffirmed after February 27, 2012. *See* Aggregator Defendants' Reply (D.E. 188, pgs. 8-10).  Therefore, in exactly the same manner as AIG Financial, SoundBite arrived on the scene after the alleged collusive agreement had been made by other alleged conspirators.

As such, there is no basis for direct claims of antitrust liability against SoundBite from February 27, 2012 to the present and thus all such claims against SoundBite must be dismissed with prejudice

## III.   CONCLUSION

For the reasons stated above, and for all of the reasons stated in SoundBite's Motion to

Dismiss and the Aggregators' Motion to Dismiss and Reply, SoundBite respectfully asks this

Court to dismiss all claims against SoundBite *with prejudice*.


Dated:  January 31, 2013                            COOLEY LLP

                                                    */s/ Jennifer Stewart*
                                                    Jennifer Stewart (*admitted pro hac vice*)
                                                     jstewart@cooley.com
                                                    500 Boylston Street
                                                    Boston, MA 02116-3736
                                                    Telephone:  (617) 937-2300
                                                    Facsimile:  (617) 937-2400

                                                    Jonathan Bach (JPB9710)
                                                     jbach@cooley.com
                                                    Ian Shapiro  (IS5120)
                                                    *ishapiro@cooley.com*
                                                    1114 Avenue of the Americas
                                                    New York, NY 10036-7798
                                                    Telephone:  (212) 479-6000
                                                    Facsimile:  (212) 479-6275

                                                    *Attorneys for Defendant SoundBite*
                                                    *Communications, Inc.*

## CERTIFICATE OF SERVICE

I, Jennifer Stewart, hereby certify that on the 31st day of January, 2013, I caused a true and correct copy of the foregoing Reply Memorandum in Support of SoundBite Communications, Inc.'s Motion to Dismiss the Second Consolidated Amended Complaint, to be filed electronically for availability for viewing and downloading from the Court's ECF system.

/s/ Jennifer Stewart
Jennifer Stewart