```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
IN RE A2P SMS                                  :     MASTER FILE: 12 CV 2656 (AJN)
ANTITRUST LITIGATION                           :
                                               :
                                               :
THIS DOCUMENT RELATES TO:                      :     ORDER
ALL ACTIONS                                    :
                                               :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 15 2013

ALISON J. NATHAN, District Judge:

As noted in the Court's Memorandum and Opinion in the above-captioned case, Dkt. No. 225, the parties in this matter have requested that a number of the documents associated with the various motions addressed in that opinion be filed under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Defendants request that certain portions of the TextPower CSA, the 4INFO CSA, the Mobiworx MSA, and the Phat Digit MSA, *see* Dkt. No. 225 at 32-39, be redacted and filed under seal. First, because Defendants ultimately withdrew their argument with regard to the Phat Digit MSA, the Court will file that document under seal without addressing the scope of the request, and Defendants shall promptly file the redacted version of this document on ECF. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Inc.*, 347 F. App'x 615, 617 (2d Cir. 2009) (allowing sealed filing of documents that were not considered in adjudicating the decision). Second, because the Court did not rely on any redacted portions of the TextPower CSA or 4INFO CSA, and because the case is currently stayed pending arbitration, the Court will file those documents under seal, and Defendants shall promptly file the redacted versions of these documents on ECF. *Id.* The Court notes that this does not, however, indicate that the material in these documents meets the requirements of *Lugosch*, 435 F.3d 110, or that the Court

will allow these same redactions in this or any future suit. And third, because the Court has already addressed the relevant portion of the Mobiworx MSA, *see* Dkt. No. 225 at 41 n.15, and did not rely on any other portion for which redaction was requested, the Court will file the other portions of that agreement under seal and Defendants shall promptly file the redacted version on ECF, after making the necessary changes to account for the Court's use of ¶ 16 in its Opinion. *See Standard Inv. Chartered Inc.*, 347 F. App'x at 617.

Finally, Plaintiffs request that certain very limited portions of their memorandum of law in opposition to Defendant's motion to compel arbitration and certain lines from two declarations submitted in support of that opposition be filed under seal. These requests are highly particularized and relate solely to commercially sensitive information. As such, and for the reasons described in the attached letters, this request is granted. *C.f. Lugosch*, 435 F.3d at 117. Plaintiffs shall promptly file the redacted versions of these documents on ECF.

SO ORDERED.

Dated: October 15, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge



**KAPLAN*FOX***

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com



December 10, 2012

Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *In re A2P SMS Antitrust Litigation*, 12-CV-2656 (AJN)

Dear Judge Nathan:

      Plaintiffs submit this letter in connection with Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions To Compel Arbitration or Stay Case in Favor of Arbitration ("Plaintiffs' Opposition"), submitted today in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 4.A., plaintiffs have consulted with defendant OpenMarket Inc. ("OpenMarket"), and it joins in this request for permission to file Plaintiffs' Opposition under seal with redactions "based on [OpenMarket's] designation of information as confidential" as requested by OpenMarket in previous letters of October 9, 2012, August 27, 2012, and August 14, 2012, to which plaintiffs responded in a letter dated August 27, 2012. All four letters are incorporated by reference. As required by the Court's individual rules, enclosed is one full copy of Plaintiffs' Opposition with the portions sought to be redacted through this letter highlighted and a partial, loose set solely of pages 19 and 25 on which plaintiffs seek redactions.

      The proposed redactions concern specific provisions in two agreements – one between OpenMarket and 4INFO, Inc. ("4INFO") and a second between OpenMarket and plaintiff TextPower, Inc. ("TextPower"). OpenMarket has previously described both agreements as containing terms that OpenMarket imposes on its customers, including the fees to be charged, the level and type of service to be provided, the events that the customer will indemnify, and the intellectual property the parties have agreed to exchange. Both agreements contain a confidentiality provision stating: "Both parties agree that mention of this Agreement or the relationship created by this Agreement, other than for purposes of effectuating the Service is not permitted unless written consent is received."

      In *Lugosch v. Pyramid Co.*, 435 F. 3d 110 (2d Cir. 2006), the Court of Appeals held that a presumption of public access exists for "judicial documents," under both the common law and the First Amendment. *Id.* at 126. That presumption of access can be "overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* The "higher values" that warrant sealing of documents include the need to protect commercial information whose disclosure would cause competitive harm. *See* Fed. R. Civ. P. 26(c)(1)(G)



("The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed . . . "); *In the Matter of Application of the New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n.4 (2d Cir. 2009) (noting that Rule 26 is one method used by courts to "balance the need for transparency in the judiciary with the effective protection of sensitive information.").

"Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Cv. 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon*, 435 U.S. at 598), *aff'd*, 347 Fed. Appx. 615 (2009) ("[t]he interest in protecting 'business information that might harm a litigant's competitive standing' has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption"); *GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, No. 10 Civ. 8663, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (permitting sealing of documents containing company's "pricing and sales targets").

In addition, courts have recognized that an agreement between the parties to maintain the confidentiality of materials submitted to the court is an important consideration in favor of allowing those documents to be filed under seal. In *Kelly v. Evolution Mkts., Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009), the parties had agreed to keep confidential their employment agreement, which was the subject of the suit. The court found good cause to seal the portions of the record concerning that agreement. *See also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (court sealed entire file, aside from opinions, because it contained documents obtained through discovery in the parties' arbitration, which documents were covered by an agreement among the parties to maintain the confidentiality of the arbitration proceedings).

The two relatively short proposed redactions fit within these exceptions. One excerpt quotes from and describes terms in the OpenMarket/INFO contract. The other quotes from the customer indemnification provision of the OpenMarket/TextPower contract. The commercial sensitivity of this information in agreements the parties have agreed to keep confidential overcomes the presumption of access established in *Lugosch*, as public disclosure of these contracts would provide other aggregators with commercially sensitive information otherwise unavailable to them about how OpenMarket does business. *See SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J.) (holding that information about terms and conditions of contracts are legitimately confidential information to which competitors "should not be entitled and which the American public does not need to know in order to evaluate the handling of this litigation by the judiciary").

Honorable Alison J. Nathan
December 10, 2012
Page 3

      For these reasons, plaintiffs respectfully ask that Plaintiffs' Opposition be permitted to be filed under seal, and that only copies with the two redactions be available on the public docket for this matter.

                                      Respectfully submitted,

                                        Gregory K. Arenson

cc:    All counsel of record (via e-mail)



Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

December 10, 2012

Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *In re A2P SMS Antitrust Litigation*, 12-CV-2656 (AJN)

Dear Judge Nathan:

  Plaintiffs submit this letter in connection with Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions To Compel Arbitration or Stay Case in Favor of Arbitration ("Plaintiffs' Opposition"), submitted today in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 4.A., plaintiffs respectfully request permission to file under seal Plaintiffs' Opposition[1] and two declarations submitted in support of Plaintiffs' Opposition: (1) Declaration of Michael Ellis, the sole member and manager of plaintiff iSpeedbuy, LLC (the "Ellis Declaration"); and (2) Declaration of Scott Goldman, the chief executive officer of plaintiff TextPower, Inc. (the "Goldman Declaration"). As required by the Court's individual rules, enclosed is one full set of these documents with the portions sought to be redacted highlighted and a partial, loose set solely of the pages on which plaintiffs seek redactions.

  When evaluating whether to file documents under seal, the common law presumption of public access to judicial documents "is balanced against the competing considerations specific to the case at hand." *Gen. Media, Inc. v. Shooker*, 97 Civ. 510 (DAB), 1998 WL 401530, at * 12 (S.D.N.Y. July 16, 1998). Documents may be sealed if findings are made "demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co.*, 435 F. 3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Further, "courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Cv. 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon*, 435 U.S. at 598), *aff'd*, 347 Fed. Appx. 615 (2009) ("The interest in protecting 'business information that

---

[1] Plaintiffs are separately filing a joint request with defendant OpenMarket Inc. to file Plaintiffs' Opposition under seal because it quotes from and references agreements that OpenMarket Inc. sought to file under seal on October 9, 2012.



Honorable Alison J. Nathan
December 10, 2012
Page 2

might harm a litigant's competitive standing' has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption.")

      The Ellis Declaration and the Goldman Declaration contain sensitive business information concerning fees paid by plaintiffs, which Plaintiffs' Opposition references in small part. The Ellis Declaration discloses the approximate dollar amount iSpeedbuy, LLC ("iSpeedbuy") paid for short code usage and information about iSpeedbuy's profits. The Goldman Declaration reveals the fees TextPower, Inc. ("TextPower") paid for use of short codes and for connection, message and program-review services. The information plaintiffs wish to redact from the declarations is highlighted in yellow.

      Plaintiffs iSpeedbuy and TextPower risk harm to their competitive standing if the amount of fees they have paid to Neustar, Inc. and aggregators for services is exposed and if iSpeedbuy's profits are disclosed to competitors. Other aggregators, upon seeing this information, may be disinclined to negotiate more favorable terms. In addition, other transmitters may use the fee information disclosed in the declarations to negotiate more favorable terms for themselves with their aggregators and obtain cost or other advantages over iSpeedbuy and TextPower. ISpeedbuy's and TextPower's customers if apprised of this information could take advantage to try to negotiate down the prices the customers pay to the plaintiffs or might cease to do business with them altogether. Competitors may use the information to dissuade potential customers from doing business with iSpeedbuy or TextPower. Plaintiffs have narrowly tailored their request so that only the portions of the declarations that reference the amount of fees paid and profits made will be redacted.

      Given the risk of competitive harm and the limited redaction that is sought, plaintiffs respectfully submit that the portions of the Ellis Declaration, the Goldman Declaration and Plaintiffs' Opposition containing information about fees paid by and profits of plaintiffs should be redacted from the publicly filed versions and the full document sealed from the public. *See Standard Inv. Chartered, Inc.*, 2008 WL 199537, at *8-9 (finding that the defendant's "interest in protecting confidential business information outweigh[ed] the qualified First Amendment presumption of public access" and that redacting specific text was appropriate under the circumstances).

Respectfully submitted,

*Gregory K. Arenson*
Gregory K. Arenson

cc:    All counsel of record (via e-mail)